UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
ROBERTA CAMPBELL,                  :
                                            09 Civ. 9644 (WHP)
            Plaintiff,       :
                                            MEMORANDUM & ORDER
    -against-              :

MARK HOTEL SPONSOR, LLC,           :

            Defendant.       :
----------------------------------X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 9/13/12 |

WILLIAM H. PAULEY III, District Judge:

        Plaintiff Roberta Campbell ("Campbell") brought this action against Defendant Mark Hotel Sponsor LLC ("Sponsor") to recover a $4.68 million down payment on an $18.75 million luxury cooperative apartment (the "Suite") in Manhattan. After a bench trial, this Court ruled that the parties' lopsided contract entitled Sponsor to retain the down payment and recover its reasonable legal fees and expenses. Despite judicial encouragement to resolve the fee issue informally, Sponsor moves for an order regarding the amount of fees and expenses. For the following reasons, Sponsor's motion is granted in part, and this Court awards Sponsor $475,000 in legal fees and expenses.

## BACKGROUND

        This Court's findings of fact and conclusions of law are set forth in its prior Opinion and are not repeated here. See Campbell v. Mark Hotel Sponsor LLC, No. 09 Civ. 9644 (WHP), 2012 WL 3577531 (S.D.N.Y. Aug. 20, 2012).

        Throughout this dispute, Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") has been Sponsor's counsel. Sponsor's application is more appropriately characterized as

Kramer Levin's application because it appears that Sponsor has not actually paid any legal fees to Kramer Levin on this matter. Astonishingly, Kramer Levin attorneys, paralegals, and staff amassed 5536.4 billable hours on this matter, employing four partners, three special counsel, ten associates, eight paralegals, and a summer associate. (See Declaration of Jeffrey L. Braun, dated Aug. 23, 2012 ("Braun Decl.") at ¶¶ 16-26; Exs. 1-5.) Partners billed their time at rates ranging from $680/hour to $1025/hour; associates at rates ranging from $440/hour to $745/hour; paralegals at rates ranging from $250/hour to $295/hour; and, last but not least, a summer associate at $335/hour. Kramer Levin's total bill for legal fees is a breathtaking $3,164,828.00.

Sponsor also seeks to recover $177,317.72 in expenses, including roughly $75,000 in Westlaw research charges for pedestrian legal issues arising from the breach of a real estate contract. (See Braun Decl. ¶ 29, Exs. 2-5; Declaration of Niso Bahar, dated Aug. 27, 2012 ("Bahar Decl."), ¶¶ 3-10.)

## DISCUSSION

I. Legal Standard

Because this is a diversity case, New York law governs the standard for determining attorneys' fees. See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 259 n.31 (1975); Diamond D Enters. USA, Inc. v. Steinsvaag, 979 F.2d 14, 19 (2d Cir. 1992). Under New York law, "reasonableness is the touchstone for fixing an award of fees pursuant to contract." Diamond D, 979 F.2d at 19. In general, courts begin their analysis by examining "the hours reasonably spent by counsel . . . multiplied by the reasonable hourly rate." F.H. Krear & Co. v. Nineteen Named Trs., 810 F.2d 1250, 1263 (2d Cir. 1987). Further,

> A variety of factors informs the court's determination of whether a requested amount of attorneys' fees is reasonable or unreasonable, including "the difficulty of the questions involved; the skill required to handle the problem; the time and labor required; the lawyer's experience, ability and reputation; the customary fee charged by the Bar for similar services; and the amount involved.

F.H. Krear, 810 F.2d at 1263 (quoting In re Schaich, 55 A.D.2d 914, 914 (2d Dep't 1977)). Courts "should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008). The question of how much to award as attorneys' fees is left to the discretion of the district court. Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1183 (2d Cir. 1996).

II. Attorneys' Fees and Expenses

This Court has conducted a thorough and mind-numbing review of Kramer Levin's billing records. To avoid undue embarrassment to a fine law firm like Kramer Levin, this Court declines to recapitulate that review in this opinion. Suffice it to note that it is highly unlikely that anyone at Kramer Levin actually reviewed the time records before hitting the print button and compiling them as exhibits. Such a review would have uncovered, among other things, problematic entries.

Just a few examples should make the point that the hours billed are far beyond what was commercially reasonable or appropriate. For instance, a Kramer Levin staff member billed $230 for "deliver[ing] [a] letter to Judge Holwell at SDNY." (Braun Decl. Ex. 3 at 31.) But Judge Holwell had nothing to do with this case. And a Kramer Levin partner billed $390 for work described in its entirety as "Misc items." (Braun Decl. Ex. 2 at 8.) The Court could go on. Vague or mistaken time entries militate strongly against awarding Sponsor the entirety of the fee

award it seeks. See F.H. Krear, 810 F.2d at 1256 ("[W]here adequate contemporaneous records have not been kept, the court should not award the full amount requested."). Just as disturbingly, two Kramer Levin partners who were fact witnesses in the litigation billed more than $22,000 preparing and sitting for their depositions. (See Braun Decl. Ex. 3 at 19-20, 26.) These hours are not billable. Cf. Rahmey v. Blum, 95 A.D.2d 294, 301 (2d Dep't 1983) ("[The] dollar value [of non-legal work] is not enhanced just because a lawyer does it.").

But that is more than enough detail. As a concession to the mortality of judges, the law does not require a line-item review. See McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006) ("A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application.") (internal quotation marks omitted). "In determining whether a requested fee is justified by the time and labor expended, the New York courts make their own assessments of the reasonableness of the amount of time spent on the case." F.H. Krear, 810 F.2d at 1265. "[H]ours that are excessive or otherwise unnecessary, are to be disallowed." Rahmey, 95 A.D.2d at 301.

Fifty-five hundred hours was an unreasonable amount of time to spend on this matter. This case involved a residential real estate dispute. The legal and factual issues, while hotly contested, were neither novel nor complex. Moreover, Sponsor's major legal arguments remained the same through each phase of the case. In addition, much of the extensive discovery was redundant. Indeed, of the sixteen depositions conducted, at least seven focused in relevant part on Campbell's April 15, 2009 inspection of the Suite. By the time of trial, the Kramer Levin lawyers were fully versed in every aspect of the case. New York courts require "[c]ounsel for the

prevailing party [to] exercise 'billing judgment' when submitting a fee request . . . . Hours that are not properly billed to one's <u>client</u> also are not properly billed to one's <u>adversary</u>." <u>Rahmey</u>, 95 A.D.2d at 300. This Court doubts that Sponsor—or any other client—would pay over $3.3 million in fees and expenses for the mere possibility of securing a $4.68 million down payment.

Sponsor argues—here, theoretically—that "negotiation and <u>payment</u> of fees by sophisticated clients are solid evidence of their reasonableness in the market." <u>Prospect Capital Corp. v. Enmon</u>, No. 08 Civ. 3721 (LBS), 2010 WL 2594633, at *4 (S.D.N.Y. Jun. 22, 2010) (emphasis added). And Sponsor contends that it has "been willing to pay" Kramer Levin's fees. (Bahar Decl. ¶ 2). But nothing in the record suggests that Kramer Levin ever sent Sponsor a bill or that Sponsor paid any legal fees in connection with this case. The only evidence that Sponsor paid anything is a few invoices for deposition transcripts and expert services totaling approximately $47,000. That lacuna is evidence of Sponsor's unwillingness to pay Kramer Levin's bill, if the firm ever sent one.

Finally, Sponsor's claim that it is entitled to legal fees and expenses incurred in preparing its motion for attorneys' fees, (<u>see</u> Braun Decl. at ¶11 n.2), is contrary to New York law. "[A] general contract provision for the shifting of attorneys' fees does not authorize an award of fees for time spent in seeking the fees themselves." <u>F.H. Krear</u>, 810 F.2d at 1266. "'Of course, it is possible to contract for such an allowance but, as it is an agreement contrary to what is usual, specific language would be needed to show such an agreement.'" <u>F.H. Krear</u>, 810 F.2d at 1267 (quoting <u>Swiss Credit Bank v. Int'l Bank, Ltd.</u>, 200 N.Y.S.2d 828, 830-31 (Sup. Ct. 1960)). Here, the parties' agreement contains no such specific language. Accordingly, Sponsor is not entitled to fees for seeking fees.

Considering the totality of the circumstances, this Court exercises its informed discretion and common sense to trim the considerable fat from Sponsor's application. Accordingly, this Court awards Sponsor a total of $475,000 in legal fees and expenses. This Court does not fault Kramer Levin's work in this case. Both Kramer Levin and Campbell's counsel performed admirably throughout the proceedings. But Sponsor's fee request is beyond the pale.

## CONCLUSION

For the foregoing reasons, Sponsor's motion for legal fees and expenses is granted in part, and Sponsor is awarded $475,000 in legal fees and expenses. Sponsor is also entitled to Campbell's $4,687,500 down payment and any interest accrued thereon. The parties are directed to submit a proposed judgment by September 20, 2012. The Clerk of the Court is directed to terminate the motion pending at ECF No. 91.

Dated: September 13, 2012
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Amos Alter, Esq.
11 Riverside Drive
2NW
New York, NY 10023
*Counsel for Plaintiff*

Jeffrey L. Braun, Esq.
Kramer, Levin, Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
*Counsel for Defendant*